The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, AR 72576-9159
Dear Representative Everett:
I am writing in response to your request for an opinion on a question relating to the power of a county judge to direct that a county airport commission incur an interest-bearing indebtedness.
You report by way of factual background that the Baxter County Airport Commission (the "Commission") in October 2006 successfully applied for state matching grant funds to construct a commercial maintenance hangar at the Ozark Regional Airport. Construction on the hangar began in November 2006 — three months before the quorum court considered approving the county's portion of the matching funds. Although the quorum court in February 2007 reportedly declined to approve a matching grant expenditure in the amount of $158,000, the Commission, reportedly at the direction of the county judge, apparently covered the county's share of matching funds in March 2007 by entering into a loan agreement with a local bank. The loan documents purport to afford the bank "a security interest in property to secure this loan."
You note in your recitation of the facts that this office declined to opine on this question in Op. Att'y Gen. No. 2008-178 because the matter was the subject of pending litigation. You further report that the litigation has since been dismissed and have asked again that we consider the following question:
 Did the Baxter County Judge act within his legal authority when he entered into a loan agreement appearing to convey a security interest *Page 2 
in airport property to a local bank also incurring interest to the county?
RESPONSE
I should note at the outset that your question as phrased is not quite the same as the question you posed in Op. Att'y Gen. No. 2008-178, in which you raised the following issue:
 Did the Baxter County Judge act within his legal authority when he circumvented the decision of the Baxter County Quorum Court by instructing the Baxter County Airport Commission to enter into a loan agreement that appears to convey a security interest in airport property to a local bank and also incurs interest to the county?
Your current question appears to focus on two issues: (1) whether a county judge may mortgage county airport property; and (2) whether a county judge may incur an interest-bearing indebtedness on behalf of the county — in this case, an obligation to be discharged over a term exceeding ten years. By contrast, your former question focused on the somewhat different question of whether a county judge might direct an airport commission — which, as discussed below, operates under a considerable degree of autonomy — to enter into an interest-bearing loan agreement that is secured by a security interest in airport property.
The supporting documentation attached to both of your requests reflects that the Commission, not the county judge, executed both the application for state matching funds and the loan agreement whereby the Commission garnered the funds to finance its own matching obligation for construction of the hangar. It would appear, then, that your question as initially posed more closely addresses the factual scenario you have recited — namely, one in which the Commission, as opposed to the county judge, was the contracting party. In this regard, I will note that the documents you have attached to both of your requests seem consonant with your request as posed in Opinion No. 2008-178.
Notwithstanding this confusion, I will initially address your question as you have most recently posed it. This question appears to raise two issues: first, does a county judge have the authority to contract on behalf of the county pledging revenues that have not been appropriated by the quorum court and, secondly, does *Page 3 
the county judge have the authority to mortgage airport property in connection with the county's incurring an interest-bearing mortgage obligation?
In my opinion, the answer to the first of these questions is "no." See
the attached Op. Att'y Gen. No. 2003-012 (discussing in detail the constitutional and statutory bases for this conclusion). In my response to your previous request, I attached a copy of Op. Att'y Gen. No. 2007-009, in which I discussed in detail the mechanism of appropriation and expenditures relating to contracts entered into by the county judge. The upshot of this opinion is that the county judge has the authority to enter into contracts on behalf of the county so long as the quorum court hasappropriated funds sufficient to discharge the county's contractualobligations. I am again attaching a copy of my previous opinion and will not repeat my analysis here. Not being a finder of fact, I cannot determine whether appropriated funds were indeed available to support any purported contractual obligation entered into by the county judge on behalf of the county.
In my opinion, the answer to the second of these questions is likewise "no." Even assuming a county judge were authorized to contract on behalf of the county using properly appropriated funds, I do not believe he could pledge these funds to discharge an interest obligation on a loan contract. I am attaching for your information a copy of Op. Att'y Gen. No. 90-200, in which one of my predecessors, in addressing the question of whether a county judge might borrow money for county purposes in the county's name with or without approval of the quorum court, noted that "the county is precluded under Article 16, § 1 of the Arkansas Constitution from issuing any interest-bearing evidences of indebtedness."[1] No provision of the Arkansas Constitution qualifies this proscription in a way that would empower a county judge to enter into a ten-year, interest-bearing loan obligation without voter approval.
Although it does not bear directly on your most recent question as posed, I will note that the Baxter County Judge in this particular instance was in all likelihood in no position to direct that the Commission enter into any particular financial transaction, given that an autonomous entity like the Commission was not subject *Page 4 
to any such direction. Indeed, the facts as recited suggest that the Commission, as the sole county signatory to the loan agreement, independently incurred a financial liability as a result of this transaction. In my opinion, a county judge is not authorized to dictate to a county airport commission how the commission will expend its budgeted revenues. The authority of county airport commissioners is set forth in A.C.A. § 14-357-105 (1987), which provides in pertinent part:
 (a)(1) The commissioners appointed under this chapter shall have full and complete authority to manage, operate, improve, extend, and maintain the airport and its related properties and facilities.
 (2) The commissioners shall have full and complete charge of the airport and its related properties and facilities including, without limitation, the right to:
 * * * (B) Contract; . . .
 * * * (b) It is the intention of this chapter to vest in the commissioners unlimited authority to operate, manage, maintain, improve, and extend the county-owned airport and to have full and complete charge of it. However, the commissioners shall not have authority or power to sell, mortgage, or encumber the airport and its related properties and facilities.
Subsection (a)(2)(B) vests in the commissioners the exclusive right to contract regarding the airport's operations. It would not appear to be the case, then, that a county judge could dictate to the commissioners what contracts they should enter. In this regard, I will note that the loan document attached to your request was executed by the commission, not the county judge.
With respect to what you characterize as the county judge's instructing the Commission to pledge an interest-bearing security interest in airport property, I will again note that the county judge apparently lacks the authority to issue any such directive. To the extent that the Commission in fact made any such pledge — *Page 5 
a condition that is not entirely clear from the documents you have provided — I will only note that subsection (b) of the above recited statute expressly forbids a county airport commission to "mortgage, or encumber the airport and its related properties and facilities." The loan document identifies the Commission as "a political subdivision of Baxter County AR" — a characterization that is thoroughly consistent with, although not expressly dictated by, title 14, chapter 357 of the Arkansas Code, which authorizes the creation of county airport commissions. The proscription set forth in Article 16, § 1 against a county's borrowing money at interest would consequently appear to apply to an airport commission.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsequent to the issuance of this opinion, the voters approved Amendment 78 to the Arkansas Constitution, which authorizes counties to incur short-term financing obligations that will mature in a period not to exceed five years. Based upon the documentation you have provided, this amendment would not serve to legitimize the loan contract at issue in your request, given that the term of the loan contract exceeds ten years. *Page 1